IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERIK K. ANDERSON, JR., | ) | CV. NO.  11-00100 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CENTRAL PACIFIC | ) | |
| HOMELOANS, INCORPORATED; | ) | |
| DEUTSCHE BANK TRUST | ) | |
| COMPANY AMERICA; GMAC | ) | |
| MORTGAGE, LLC; JOHN DOES | ) | |
| 1–10; JANE ROES 1–10; DOE | ) | |
| CORPORATIONS, | ) | |
| PARTNERSHIPS OR OTHER | ) | |
| ENTITIES 1–10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANT GMAC MORTGAGE LLC'S MOTION
TO DISMISS COMPLAINT FILED FEBRUARY 11, 2011; (2) GRANTING
CPHL'S MOTION FOR JOINDER; (3) DISMISSING WITHOUT PREJUDICE
PLAINTIFF'S COMPLAINT; AND (4) GRANTING
<u>PLAINTIFF LEAVE TO AMEND</u>

On August 3, 2011, the Court heard Defendant GMAC Mortgage,

LLC ("GMAC")'s Motion to Dismiss Complaint Filed February 11, 2011 (Doc.

# 8), and Central Pacific HomeLoans ("CPHL")'s Motion for Joinder (Doc. # 26).

Robin Horner, Esq., appeared at the hearing on behalf of Plaintiff; Peter S.

Knapman, Esq., appeared at the hearing on behalf of Defendant GMAC; Duane R.

Miyashiro, Esq., appeared at the hearing on behalf of Defendant CPHL. After reviewing the supporting and opposing memoranda, the Court GRANTS Defendant GMAC's Motion to Dismiss, GRANTS Defendant CPHL's Motion for Joinder, and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint. Plaintiff is GRANTED leave to amend the Complaint as to all Defendants.

BACKGROUND

On February 11, 2011, Plaintiff Eric K. Anderson, Jr. ("Plaintiff") filed a Complaint against Defendants CPHL; Deutsche Bank Trust Company America; GMAC; John Does 1–10; Jane Roes 1–10; Doe Corporations, Partnerships or Other Entities 1–10, (collectively, "Defendants"). ("Compl.," Doc. # 1.) The claims in Plaintiff's Complaint relate to the mortgage and note entered into pertaining to real property located at 92-8610 Jasmine Drive, Ocean View, Hawaii 96737 ("Subject Property"). (Compl. ¶ 7.)

Plaintiff states that he purchased the Subject Property and financed the purchase, but that in doing so, was not provided with initial loan disclosures, a signed and dated good faith estimate, signed and dated initial and final truth in lending disclosures, a signed and dated servicing transfer disclosure, an adjustable rate booklet, and a signed and dated final HUD-1 settlement statement, within the time required by law. (Id. ¶ 8, 18, 24–25.) Plaintiff further states that due to the

2

lack of disclosures, he did not understand the true terms of the loan being proposed. (Id. ¶ 20.) Plaintiff also argues that the lender of the loan overstated income figures in the loan application, and failed to properly qualify Plaintiff for an affordable loan. (Id. ¶¶ 16, 28.) Finally, Plaintiff states that Defendants have failed to provide him with a reasonable opportunity to obtain a modification of his note and mortgage. (Id. ¶ 41.)

Plaintiff's Complaint alleges Counts: (Count I) Violation of Statutory Duties (Compl. ¶¶ 50–53); (Count II) Fraud (id. ¶¶ 54–60); (Count III) Mistake (id. ¶¶ 61–62); (Count IV) Unconscionability (id. ¶¶ 63–66); (Count V) Unfair or Deceptive Acts or Practices ("UDAP") (id. ¶¶ 67–70); (Count VI) Breach of Fiduciary Duties (id. ¶¶ 71–75); (Count VII) Failure to Act in Good Faith (id. ¶¶ 76–81); (Count VIII) Injunctive Relief (id. ¶¶ 82–85); (Count IX) Recoupment (id. ¶¶ 86–87); (Count X) Unjust Enrichment (id. ¶¶ 88–89); and (Count XI) Negligent and/or Intentional Infliction of Emotional Distress (id. ¶¶ 90–94).

On March 9, 2011, Defendant GMAC filed a Motion to Dismiss Complaint filed February 11, 2011 ("Motion"). ("Mot.," Doc. # 8.) On July 11 2011, CPHL filed a Motion for Joinder to GMAC's Motion ("Motion for Joinder"). (Doc. # 26.) On the same day, Plaintiff filed a Memorandum in

Opposition to GMAC's Motion. ("Opp'n," Doc. # 28.) On July 13, 2011, GMAC

filed a Reply in support of its Motion. (Reply, Doc. # 27.)

STANDARD OF REVIEW

I.    Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a

claim upon which relief can be granted. Review is limited to the contents of the

complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir.

1994). A complaint may be dismissed as a matter of law for one of two reasons:

"(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable

legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.

1984) (citation omitted). Allegations of fact in the complaint must be taken as true

and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd.

v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6)

motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In providing grounds for relief, however, a plaintiff must do more than recite the

formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v.

Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations

4

without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.     Federal Rule of Civil Procedure 9(b)

        Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances <u>constituting</u> fraud." <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), <u>superseded on other grounds by</u> 15 U.S.C. § 78u-4.

        In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. <u>Id.</u> at 1548 (quoting <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989)). "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 10104, 1019 (9th Cir. 2001)); <u>see also</u> <u>Moore</u>, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff

6

to attribute particular fraudulent statements or acts to individual defendants).

However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

DISCUSSION

For the reasons set forth below, the Court concludes that GMAC's Motion should be granted, and CPHL's Motion for Joinder should be granted as

well.  The Court dismisses without prejudice Plaintiff's claims, and grants Plaintiff

leave to amend his Complaint.

I.    Count I: Violation of Statutory Duties

Count I of the Complaint asserts a claim for violation of statutory

duties, alleging that Defendants violated "various statutory duties pursuant to the

Real Estate Settlement Procedures Act (12 U.S.C. 2601 et seq.), the Equal Credit

Opportunity Act (Reg. B, 12 CFR 202), [ ] the Fair Credit Reporting Act (15 USC

1681), and the Truth in Lending Act (12 CFS Sec. 226.23(h) et alia[)] . . . ."

(Compl. ¶ 51.)  GMAC argues in its Motion that Plaintiff's allegations are

conclusory and fail to satisfy Rule 8 pleading requirements, and that Plaintiff's

Truth in Lending Act ("TILA") and Equal Credit Opportunity Act ("ECOA")

claims are barred by the statute of limitations.  (Mot. at 6–13.)  Plaintiff argues in

his Opposition that his claims in Count I satisfy Rule 8, and are not timed barred.

(Opp'n at 5–9.)

Although the "Background" section of Plaintiff's Complaint provides

a laundry list of allegations allegedly committed by Defendants and documents

allegedly not provided to Plaintiff by Defendants, Count I fails to identify which of

these allegations relate to which specific statutory violations stated in Count I.

Plaintiff's failure to cite any specific provision of the aforementioned statutes that

8

was violated by Defendants is grounds for dismissal of the claim, alone.  See Rosal

v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009);

Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1183 (D.

Ariz. 2009).[1]

   In addition, although Rule 8 requires only that a complaint include a

"short and plain statement of the claim showing that the pleader is entitled to

relief," the complaint must sufficiently put Defendants on fair notice of the claim

asserted and the grounds upon which it rests.  Defendants, nor the Court, are

required to speculate as to which provisions Plaintiff is suing under or how

Defendants violated such provisions.  Here, Plaintiff has failed to put forth any

specific factual or legal allegations, or link such allegations to specific statutory

violations, thus failing to provide Defendants with fair notice of the wrongs they

have allegedly committed.  Indeed, vague allegations containing mere labels and

conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S.

at 555.

---

[1]Although the Court does not cite to other district courts as precedent, it
notes that the cases cited here have also visited a similar issue.

Accordingly, the Court GRANTS GMAC's Motion as to Count I and

DISMISSES WITHOUT PREJUDICE the count as to all Defendants.[2]

II.     Counts II and III: Fraud and Mistake

Count II of Plaintiff's FAC, entitled "Fraud" claims that Defendants:

> breached their duties by misrepresenting [Plaintiff's] income, by
> misrepresenting and/or concealing material facts, such as the
> misstatement of [Plaintiff's] income, the failure of defendant or one or
> more of them to follow reasonable underwriting guidelines to qualify
> [Plaintiff] for a loan, properly disclose the true terms of the loan,
> properly disclose the true amount of interest Plaintiff[] would have to
> pay over the life of the loan, that property values were declining and
> would likely continue to do so in the foreseeable future, that they were
> likely to exhaust their savings and then not be able to pay the subject
> note, had a high likelihood of defaulting on the note, [and] that there
> would not be sufficient equity in the Property if they tried to
> refinance.

(Compl. ¶ 56.)  Count III of the Complaint, titled "Mistake," alternatively argues

that if fraud is not found, then "the transaction was entered into based upon mutual

mistake which entitles [Plaintiff] to rescission of the note and mortgage and/or

reimbursement of all monies that were paid . . . ."  (Id. ¶ 62.)

The Court finds that Plaintiff's allegations are insufficient to meet his

burden under the more rigorous pleading requirements of Rule 9 that apply to

---

[2] The Court does not address Defendants' statute of limitations argument
because of its determination that Plaintiff's allegations under Count I fail to state a
claim.

allegations of fraud or mistake.  See Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake).  The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged."  Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009) (internal citation and quotations omitted).  A plaintiff "must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988).

Here, Plaintiff fails to plead the time and place of any alleged fraud and he also does not specify what role each defendant played in the alleged misconduct.  Instead, Plaintiff broadly attributes the allegedly false statements to all Defendants generally, without specifying when, where, and by who the false statements were made.  Furthermore, Plaintiff's statement that "the transaction was entered into based upon mutual mistake," is a legal conclusions entitled to no weight.  (FAC ¶ 62); see Iqbal, 129 S. Ct. at 1949.  Additionally, all averments of fraud, even those found within other claims, must be pleaded with the particularity governed by Rule 9.

Accordingly, the Court GRANTS GMAC's Motion as to Counts II and III and DISMISSES WITHOUT PREJUDICE both counts as to all Defendants.

III.     Count IV: Unconscionability

Count IV of Plaintiff's Complaint sets forth a claim for unconscionability alleging that, based upon Defendants' alleged failure to make proper and timely disclosures, properly qualify Plaintiff for a loan, and based on their superior bargaining power, the terms and conditions of the note and mortgage are unconscionable.  (FAC ¶¶ 64–66.)  According to the Hawaii Supreme Court, unconscionability is a cause of action asserted to prevent the enforcement of a contract where, "the clauses are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract . . . ." (emphasis added) Lewis v. Lewis, 748 P.2d 1362, 1366 (Haw. 1988) (citations omitted).

Here, Plaintiff's allegations fail to address any contract terms between Plaintiff and Defendants, and instead, addresses Defendants' alleged conduct generally.  These allegations do not speak to any unconscionable terms in the contract, nor are they limited to behavior that affected the circumstances under which the contract was made.  For this reason, Plaintiff's contentions in Count IV fail to state a claim for unconscionability.

Accordingly, the Court GRANTS GMAC's Motion as to Count IV and DISMISSES WITHOUT PREJUDICE the count as to all Defendants.

## IV.    Count V: Unfair and Deceptive Acts or Practices

Count V of the FAC alleges that the "wrongful acts and/or omissions of defendant or one or more of them constitute unfair and deceptive acts and practices in the conduct of business in violation of federal (15 USC Sec. 1802 et seq.) and state laws (HRS Sec. 480-2 and 480-13)."  (Compl. ¶ 68.)

The federal statute cited by Plaintiff, 15 U.S.C. § 1802 et. seq., is found in the chapter of the United States Code governing newspaper preservation, thus it appears that Plaintiff cited this statute in error.  Additionally, Plaintiff has not pled sufficient facts to explain its relevance to this action.

As for Plaintiff's claims alleging state law violations of UDAP, Count V is wholly conclusory and entirely fails to provide any of the general elements for a claim under Hawaii Revised Statutes ("HRS") § 480–13.  See Tokuhisa v. Cutter Mgmt. Co., 223 P.3d 246, 261 (Haw. App.2009) ("Thus, § 480-13 establishes four essential elements: (1) a violation of chapter 480; (2) injury to plaintiff's business or property resulting from such violation; (3) proof of the amount of damages; and (4) a showing that the action is in the public interest or that the defendant is a merchant." (citations omitted)).

Because Plaintiff's Complaint fails to provide any facts as to Defendants' purported unfair or deceptive acts or practices and unfair methods of competition, it fails to state a claim for a UDAP violation. See Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Accordingly, the Court GRANTS GMAC's Motion as to Count V and DISMISSES WITHOUT PREJUDICE the count as to all Defendants.

V.     Count VI: Breach of Fiduciary Duties

Count VI of the Complaint states that Defendants "breached their fiduciary duties to [Plaintiff] by making misrepresentations of material fact, omitting to make disclosures of various material facts, not properly qualifying Plaintiff for the subject loan, among other things, not disclosing that property values were falling and this was likely to continue, that Plaintiff[] would have little or no equity in the property, had a substantial likelihood of defaulting and would not be able to obtain refinancing or reasonable loan modification terms. (Compl. ¶ 73.) GMAC argues that no fiduciary relationship exists between Plaintiff and Defendants, and thus the count should be dismissed. (Mot. at 18–20.) GMAC is correct in asserting that there traditionally exists no fiduciary duty between borrowers and lenders. Unless a special relationship exists between a borrower

and lender that elevates the lender's responsibility, the standard "arms-length business relationship" applies.  <u>Giles v. General Motors Acceptance Corp.</u>, 494 F.3d 865, 883 (9th Cir. 2007); <u>see also</u> <u>Pension Trust Fund for Operation Engineers v. Federal Ins. Co.</u>, 307 F.3d 944, 954 (9th Cir. 2002).

In the instant Complaint, Plaintiff makes no allegations suggesting that his relationship to Defendants is anything other than an ordinary, arms-length, lender-borrower relationship.  Simply stating that Defendants "breached their fiduciary duties to [Plaintiff]," is insufficient to establish the existence of a fiduciary duty.  Thus, Plaintiff's allegations in Count VI are wholly conclusory and unsupported.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS GMAC's Motion as to Count VI and DISMISSES WITHOUT PREJUDICE Count VI as to all Defendants.

VI.    <u>Count VII: Failure to Act in Good Faith</u>

Count VII of the FAC alleges that Defendants "failed to deal with [Plaintiff] in good faith and in a fair manner," by, amongst other things, making misrepresentations of material fact, not making the mandatory federal law disclosures, and misleading Plaintiff into believing he needed to refinance his loan and/or needed a second mortgage to consolidate debts.  (Compl. ¶ 78.)

In Hawaii, commercial contracts are subject to a statutory duty to perform in good faith.  Haw. Rev. Stat. § 490:1-304.  Further, Hawaii law recognizes that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement."  Best Place, Inc. v. Penn Am. Ins. Co., 920 P.2d 334, 337–38 (Haw. 1996) (citations omitted).

Here, Plaintiff fails to allege any specific facts and solely provides legal conclusions regarding Defendants' purported violation of the implied covenant of good faith and fair dealing.  While Plaintiff provides a laundry list of acts allegedly conducted by Defendants not in good faith, he fails to state how Defendants' actions constitute a breach of the implied covenant of good faith and fair dealing.  Simply making such conclusory allegations is insufficient to properly plead this claim.  Thus, Plaintiff's legal conclusions are entitled to no weight.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS GMAC's Motion as to Count VII and DISMISSES WITHOUT PREJUDICE the count as to all Defendants.

## VII.    Count VIII: Injunctive Relief

Count VIII of the Complaint states that "[a]s a result of the wrongful acts and/or omissions of defendant or one or more of them, [Plaintiff] is entitled to

16

injunctive relief and a stay of any foreclosure proceedings until this matter can be resolved on the merits by means of an evidentiary hearing or trial on the merits." (Compl. ¶ 83.) Plaintiff's injunctive relief claim does not assert any standalone grounds for relief, but instead appears to be a request for relief derivative of his other claims. Because the Court dismisses Plaintiff's other claims as described herein, the Court dismisses Plaintiff's claim for "Injunctive Relief."

Accordingly, the Court GRANTS GMAC's Motion as to Count VIII and DISMISSES WITHOUT PREJUDICE the count as to all Defendants.

## VIII. Count IX: Recoupment

In Count IX of the Complaint, Plaintiff brings a claim for recoupment alleging that "[a]s a result of the various wrongful acts and/or omissions . . . [Plaintiff] is entitled to equitable recoupment of all monies paid by them with regard to the subject loan transaction . . . ." (Id. ¶ 87.)

First, Plaintiff's claim is wholly conclusory and fails to provide the Court with any facts explaining why Plaintiff is entitled to recoupment. The Court additionally notes that it is unclear whether Plaintiff is alleging a claim for TILA recoupment, pursuant to 15 U.S.C. § 1640. To the extent Plaintiff brings forth a claim for TILA recoupment, the Court conducts the following analysis.

"[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is founded." Bull v. United States, 295 U.S. 247, 262 (1935). The Supreme Court has confirmed that recoupment of damage claims survive TILA's one-year statute of limitations. Beach, 523 U.S. at 418. However, to circumvent the statute of limitations, the recoupment claim must be asserted as a "defense" in an "action to collect a debt." 15 U.S.C. § 1640(e). Some courts have held that for a recoupment claim to survive a motion to dismiss, the plaintiff must show the following: "(1) the TILA violation and the debt are products of the same transaction; (2) the debtor asserts the claim as a defense; and (3) the main action is timely." Moor v. Travelers Ins. Co., 784 F.2d 632, 634 (5th Cir. 1986) (citing In re Smith, 737 F.2d 1549, 1553 (11th Cir. 1984)); Agustin v. PNC Fin. Servs. Grp., --- F. Supp. 2d ----, 2010 WL 1507975, at *18 n.2 (D. Haw. Apr. 15, 2010).

Nowhere does Plaintiff assert TILA recoupment as a defense, nor does Plaintiff point to any "action to collect a debt." Accordingly, the Court GRANTS GMAC's Motion as to Count IX and DISMISSES WITHOUT PREJUDICE the count as to all Defendants.

IX.     Count X: Unjust Enrichment

Count X of the Complaint contends that "[a]s a result of the various wrongful acts and/or omissions made by defendant or one or more of them, defendant or one or more of them have been unjustly enriched and should be required to reimburse, identify, or otherwise pay [Plaintiff] damages in such amounts as shall be proven at the time of trial."  (Compl. ¶ 89.)  This allegation is a threadbare recital of the general elements of the cause of action.  Plaintiff fails to plead any factual allegations to suggest that this claim is plausible, and it remains entirely unclear who Plaintiff alleges these claims against.   See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS GMAC's Motion as to Count X and DISMISSES WITHOUT PREJUDICE Count X as to all Defendants.

X.      Count XI: Negligent and/or Intentional Infliction of Emotional Distress

Count XI of the Complaint alleges claims for negligent infliction of emotional distress ("NIED") "and/or" intentional infliction of emotional distress ("IIED").  (Compl. ¶¶ 90–94.)  Specifically, Plaintiff claims that Defendants "caus[ed] Plaintiff to suffer severe mental and emotional distress, by misleading [him], entering into a loan [he] [was] not properly qualified for, in causing [him] to lose [his] savings, by giving [him] false hope [he] would qualify for loan

modification, that [he] would be allowed loan assistance or modification on reasonable terms that would allow [Plaintiff] to keep [his] interest in the Property, among other things." (Id. ¶ 92.)

A plaintiff may recover for NIED "where a reasonable [person], normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." Doe Parents No. 1 v. State, 58 P.3d 545, 580 (Haw. 2002) (citations and quotations omitted). An NIED claim "is nothing more than a negligence claim in which the alleged actual injury is wholly psychic and is analyzed utilizing ordinary negligence principles." Id. (citations and quotations omitted). To maintain a NIED claim, the Hawaii Supreme Court has held that a person must allege "some predicate injury either to property or to another person in order himself or herself to recover for negligently inflicted emotional distress." Id. at 580 (citations omitted); see also Kaho'ohanohano v. Dep't of Human Servs., 178 P.3d 538, 582–83 (Haw. 2008). As such, "an NIED claimant must establish, incident to his or her burden of proving actual injury (i.e., the fourth element of a generic negligence claim), that someone was physically injured by the defendant's conduct, be it the plaintiff himself or herself or someone else." Doe Parents, 58 P.3d at 580–81 (citations omitted).

Here, Plaintiff has not alleged a predicate injury or threat of immediate injury either to himself or to someone else. Rather, Plaintiff supports his NIED claim by providing a formulaic recitation of the elements of the claim, conclusory allegations, and generalized facts, all of which are entitled to no weight on a motion to dismiss. See Iqbal, 129 S. Ct. at 1949.

"Under Hawaii law, the elements of IIED are '(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another.'" Enoka v. AIG Haw. Ins. Co., 128 P.3d 850, 872 (Haw. 2006) (quoting Hac v. Univ. of Haw., 73 P.3d 46, 60–61 (Haw. 2003)). The Hawaii Supreme Court defines the term outrageous as conduct "'without just cause or excuse and beyond all bounds of decency.'" Enoka, 128 P.3d at 872 (quoting Lee v. Aiu, 936 P.2d 655, 670 n.12 (Haw. 1997)). "Moreover, 'extreme emotional distress' constitutes, inter alia, mental suffering, mental anguish, nervous shock, and other 'highly unpleasant mental reactions.'" Id. (quoting Hac, 73 P.3d at 60).

Plaintiff again fails to allege any specific facts to support an inference that Defendants acted in an intentional or reckless manner or that they engaged in outrageous conduct. Furthermore, Plaintiff's assertion that Defendants caused him to suffer severe mental and emotional distress is a legal conclusion, not entitled to

be assumed true when ruling on a motion to dismiss. See Iqbal, 129 S. Ct. at 1949. Plaintiff's conclusory allegations are once again insufficient to state a claim for relief.

Accordingly, the Court GRANTS GMAC's Motion as to Count XI and DISMISSES WITHOUT PREJUDICE the Count as to all Defendants.

## XI.    Leave to Amend

The Court recognizes that it may be possible for Plaintiff to state a claim if provided the opportunity to amend his Complaint. Accordingly, the Complaint is DISMISSED WITHOUT PREJUDICE as against Defendants with leave to amend the Complaint. If Plaintiff chooses to do so, he may file an amended complaint no later than 30 days from the filing of this Order. Failure to do so and to cure the pleading deficiencies may result in dismissal of this action with prejudice.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS Defendant GMAC's Motion to Dismiss (Doc. # 8), GRANTS Defendant CPHL's Motion for Joinder (Doc. # 26), and DISMISSES WITHOUT PREJUDICE Plaintiff's

Complaint. Plaintiff is GRANTED leave to amend the Complaint as to all Defendants.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 8, 2011.

_____
David Alan Ezra
United States District Judge

Anderson v. Central Pacific HomeLoans, Inc., et al., Cv. No. 11-00100 DAE-BMK; ORDER: (1) GRANTING DEFENDANT GMAC MORTGAGE LLC'S MOTION TO DISMISS COMPLAINT FILED FEBRUARY 11, 2011; (2) GRANTING CPHL'S MOTION FOR JOINDER; (3) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT; AND (4) GRANTING PLAINTIFF LEAVE TO AMEND